**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES WARD and KRISTIN WARD, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 12-cv-06236 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| VERIZON WIRELESS SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MOTION TO DISMISS

Defendant, Cellco Partnership d/b/a Verizon Wireless (incorrectly sued as Verizon Wireless Services, LLC) ("Verizon"), by its attorneys Hal R. Morris and Elizabeth A. Thompson (Arnstein & Lehr, LLP, *of counsel*), pursuant to Federal Rule of Civil Procedure 12(b)(6), moves to dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted. In support, Verizon states as follows:

## INTRODUCTION

Plaintiffs' threadbare Complaint is nothing more than a formulaic recitation of portions of the Telephone Consumer Protection Act ("TCPA"). Notably absent are any allegations that any calls were made or that such calls were made by an automatic telephone dialing system or with a prerecorded voice. Moreover, Plaintiffs' Complaint makes clear that Plaintiffs consented to Verizon calling Plaintiffs' cellular telephone numbers for debt collection purposes. Plaintiffs allege that they subsequently revoked that consent, but because an oral revocation of consent is ineffective under the TCPA, Plaintiffs must, but fail to, plead which phone calls were made after the alleged oral revocation but before the purported written revocation. Furthermore, a written

10363067-3                                    - 1 -

revocation does not operate to revoke consent where the defendant, like Verizon, is not subject to the provisions of the Fair Debt Collection Practices Act.   Therefore, even if Plaintiffs could allege that calls were made using an automatic telephone dialing system or prerecorded voice, their Complaint should be dismissed with prejudice as they consented to any such phone calls.

## FACTUAL BACKGROUND

Plaintiffs Kristin and Charles Ward ("Plaintiffs") owe Verizon a debt, which they have not paid and which they do not seriously contest owing.  (Compl. ¶ 7.)   In a legitimate attempt to collect the debt, Verizon allegedly called Charles Ward's cellular telephone.  (Id. ¶ 9.)  In January of 2012, Mr. Ward allegedly "verbally requested" that Verizon cease making phone calls to his cellular phone.  (Id. ¶ 8.)  Subsequently, on February 10, 2012, Mr. Ward sent Verizon a letter advising Verizon not to call his cellular phone to attempt debt collection.  (Id. ¶ 10.)  As a result of the telephone calls to collect a valid debt, Plaintiffs have brought a claim against Verizon based upon the TCPA.

## STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of a claim based upon the plaintiff's failure to state a claim upon which relief can be granted.  In order to survive a 12(b)(6) motion to dismiss, the complaint must contain factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A pleading that offers "labels and conclusions" or only a "formulaic recitation of the elements of a cause of action" will

not withstand a motion to dismiss. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

Likewise, "threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." <u>Id.</u> The court need not accept as true legal

conclusions or unsupported conclusions of fact. <u>Hickey v. O'Bannon</u>, 287 F.3d 656,

657-58 (7th Cir. 2002).

## <u>ARGUMENT</u>

In the simplest sense, Plaintiffs have failed to adequately state a claim under the

TCPA. Plaintiffs bring their claim under Section 227(b)(1)(A)(iii) of the TCPA, which

states:

> (b) Restrictions on use of automated telephone equipment
> (1) Prohibitions
> It shall be unlawful for any person within the United States, or
> any person outside the United States if the recipient is within the
> United States—
> > (A) to make any call (other than a call made for
> > emergency purposes or made with the prior express
> > consent of the called party) using any automatic
> > telephone dialing system or an artificial or prerecorded
> > voice—
> > > (iii) to any telephone number assigned to a paging
> > > service, cellular telephone service, specialized
> > > mobile radio service, or other radio common carrier
> > > service, or any service for which the called party is
> > > charged for the call.

47 U.S.C. § 227(b)(1)(A)(iii). To state a claim under this Section, a plaintiff must allege:

(1) that a call was made; (2) using an automatic telephone dialing system or artificial or

prerecorded voice; (3) the number called was assigned to a cellular telephone service;

and (4) the call was not made with the prior express consent of the recipient. <u>Thrasher-

Lyon v. Ill. Farmers Ins. Co.</u>, No. 11 C 04473, 2012 WL 983774, at * 3 (N.D. Ill. Mar. 20,

2012). Plaintiffs have failed to allege that (1) any specific calls were made; (2) that any

call was made using an automatic telephone dialing system or artificial or prerecorded voice; or (3) that any calls were made without the prior express consent of the recipients.  Accordingly, Plaintiffs' Complaint should be dismissed with prejudice.

**A. Plaintiffs fail to allege that any calls were made to them.**

First, Plaintiffs do not allege that any calls were made to Plaintiff Kristin Ward's cellular phone.  In fact, there are only two allegations in the entire Complaint that involve Kristin Ward.  One such allegation is that she is married to Charles Ward.  (Compl. ¶ 5.) The second allegation is that Charles Ward sent "a letter via Certified Mail requesting that Defendant cease calling either his cell phone at (847) 602-0587 and Kristin Ward's phone at (847) 975-9046 and advising that consent for them to do so had been revoked." (Id. ¶ 10.)  Each and every time that Plaintiffs refer to a phone call allegedly made by Verizon, the call was made to "Mr. Ward."  (Id. ¶¶ 9, 11, 16.)  Accordingly, Plaintiff Kristin Ward has failed to state a claim upon which relief could be granted under the TCPA and her claims against Verizon must be dismissed with prejudice.

Second, Plaintiffs fail to specify when the calls were made or how many calls were made to Charles Ward.  Although Plaintiffs are only required to plead a short and plain statement of their claim entitling them to relief, see Federal Rule of Civil Procedure 8(a)(2), a key element of Plaintiffs' TCPA claim is that a call was made.  Plaintiffs allege that "calls" were made to Charles Ward's cellular phone.  However, because the mere existence of a call is of no moment, it is imperative that Plaintiffs allege *when* these calls were made.  Therefore, Plaintiffs' Complaint should be dismissed.

**B. Plaintiffs fail to allege that an autodialer or prerecorded voice was used to make any calls.**

The TCPA clearly requires that for liability to attach, the call must be made "using any automatic telephone dialing system or an artificial or prerecorded voice…." 47 U.S.C. § 227(b)(1)(A). An "automatic telephone dialing system" is equipment which "has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." Id. § 227(a)(1). If a person makes the phone call, there is no violation of the TCPA. See Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 642 (7th Cir. 2012) (noting that if a "person makes the first call" there is no violation); Cunningham v. Credit Mgmt., No. 09-cv-1497-G(BF), 2010 WL 3791104, at *5 (N.D. Tex. Aug. 30, 2010) ("Plaintiff has presented no evidence that the dialer [Defendant] used had the capacity to store and dial random or sequential numbers as required by the TCPA."). Here, Plaintiffs fail to allege that an automatic dialing system or a prerecorded voice was used to make any of the alleged phone calls. Instead, they allege only that "Defendant … continued calling Mr. Ward's cell phone" and "Defendant … persisted in calling Mr. Ward's cell phone." (Compl. ¶¶ 9, 11.) Without pleading that an autodialer or a prerecorded message was used, Plaintiffs' claims must be dismissed for failure to state a claim.

**C. Plaintiffs consented to be called on their cellular phones as any such revocation of consent was ineffective under the circumstances.**

The TCPA allows for phone calls made to cellular telephones using an autodialer or prerecorded voice when the called party has given "prior express consent." See 47 U.S.C. § 227(b)(1)(A)(iii). The Federal Communications Commission, which is the administrative agency charged with enforcement of the TCPA, has stated that

"autodialed and prerecorded message calls to wireless numbers provided by the called party in connection with an existing debt are made with the 'prior express consent' of the called party" and therefore, "such calls are permissible." In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 23 F.C.C.R. 559, 564 (2008); see also Mitchem v. Ill. Collection Serv., Inc., No. 09 C 7274, 2012 WL 170968, at *1-2 (N.D. Ill. Jan. 20, 2012); Starkey v. Firstsource Advantage, LLC, No. 07-cv-662A(Sr), 2010 WL 2541756, at *3 (W.D. N.Y. Mar. 11. 2010). Therefore, when a consumer provides his cellular telephone number to a creditor, he evidences his express consent to be contacted at that number about the debt. Mitchem, 2012 WL 170968, at *1.  Accordingly, when Plaintiffs provided their cellular telephone number to Verizon in connection with their account, they gave Verizon consent to contact them for purposes of debt collection.

Nonetheless, Plaintiffs allege that such consent was revoked "verbally" by Charles Ward.  (Compl. ¶ 8.)  However, oral or verbal notice is insufficient to revoke consent under the TCPA.  See, e.g., Moore v. Firstsource Advantage, LLC, No. 07-cv-770, 2011 WL 4345703, at *11 (W.D. N.Y. Sept. 15, 2011) (oral revocation ineffective); Cunningham, 2010 WL 3791104, at *5 (same); Starkey, 2010 WL 2541756, at *6 (same).  Therefore, to the extent that Plaintiffs' Complaint fails to adequately allege which purported calls were made after Plaintiffs' oral revocation, but before Plaintiffs' written revocation, it fails to state a claim under the TCPA.

Additionally, at least one court has held that consent cannot be revoked under the circumstances presented herein.  In Gager v. Dell Financial Services, LLC, No. 11-cv-2115, 2012 WL 1942079 (M.D. Pa. May 29, 2012), the plaintiff secured a line of

credit from the defendant to purchase computer equipment. In the credit application process, the plaintiff provided her cellular telephone number to the defendant. Id. at *1. When the plaintiff became delinquent in her payments, the defendant began calling her mobile phone with prerecorded messages regarding the debt. Id. Thereafter, the plaintiff sent a letter to defendant, requesting that defendant cease calling her. Id. Nonetheless, the defendant continued to place calls to her cellular telephone. Id. Accordingly, the plaintiff brought suit under the TCPA, claiming her letter revoked any consent she had given to the defendant to call her cellular phone. Id.

Like Verizon here,[1] the defendant in Gager was not a debt collector subject to the provisions of the Fair Debt Collection Practices Act ("FDCPA"). See id. at *4 ("Creditors who collect in their own name and whose principal business is not debt collection… are not subject to the FDCPA") (quoting Pettit v. Retrieval Masters Creditors Bureau, Inc., 211 F.3d 1057, 1059 (7th Cir. 2000)). The court distinguished cases where a plaintiff had been allowed to revoke consent under the TCPA, because those cases involved situations where the defendant was also subject to the FDCPA. Id. at *5. The court then stated: "We… expressly decline to hold that the TCPA, or any FCC regulation or advisory opinion construing the statute, contains any provision permitting this Court to find post-formation revocation of consent authorized under the provisions of the TCPA." Id. at *6. Therefore, the court dismissed the plaintiff's TCPA claim for failure to state a cause of action. Id.

Similarly, Plaintiffs' claims against Verizon should be dismissed with prejudice because they cannot establish that any alleged calls were made without their consent.

---

[1] See, e.g., Pettit v. Retrieval Masters Creditors Bureau, Inc., 211 F.3d 1057, 1059 (7th Cir. 2000); Kang v. Eisenstein, 962 F. Supp. 112, 114-15 (N.D. Ill. 1997).

Because they provided their telephone numbers to Verizon in establishing service and because they cannot revoke that consent, they will never be able to establish a fundamental element of a TCPA claim. Accordingly, Plaintiffs' Complaint should be dismissed with prejudice.

## **CONCLUSION**

WHEREFORE, Defendant Cellco Partnership d/b/a Verizon Wireless (incorrectly sued as Verizon Wireless, LLC)[2] requests that this Court dismiss Plaintiffs' Complaint with prejudice and enter such other relief as is just and equitable.

Cellco Partnership

By: /s/ Elizabeth A. Thompson
      One of its attorneys

Hal R. Morris
Elizabeth A. Thompson
Arnstein & Lehr, *of counsel*
120 South Riverside Plaza
Suite 1200
Chicago, IL 60606
(312) 876-7100

---

[2] To the extent that this Court allows Plaintiffs to replead their Complaint, it should order that Plaintiffs amend the Defendant's name to reflect the correct party.

## CERTIFICATE OF SERVICE

Elizabeth A. Thompson, an attorney, certifies that on September 19, 2012, she electronically filed **Defendant's Motion to Dismiss** with the Clerk of Court by using the CM/ECF system, which sent notification of such filing to all parties of record.

/s/ Elizabeth A. Thompson